The judgment of the court was pronounced by
Rost, J.
This is a petitory action in which both parties claim title under one Angus McNeil.
The defendant is in possession under a recorded title, derived by a regular chain of conveyances from a judicial sale made at the suit of W. W. George, curator of the succession of Stays Sprague after he superseded McNeil in that capacity, to enforce on the property of the said McNeil, in the hands of third persons, a mortgage given by him to that succession on the 9th day of January, 1839, to secure his faithful administration.
The plaintiff claims under an assignment executed to him by McNeil and his wife, on the 14th day of April 1840, in Warren county in the State of Mississippi, in trust for the payment of the debts therein specified and recorded in the parish of Caddo, where the property in controversy is situated, on the 20th of the same month. He sets up title to the property as owner, on the ground that at the date of the assignment the property, which it purported to convey, was held by McNeil in common with several other persons, among whom were the legal representatives of Sprague; that subsequently a judicial partition in kind took place, in which he was recognized by them as owner of McNeil's share; that by the act of partition, they bound themselves to warrant his title, and that they are estopped from now contesting it.
A petition of intervention found in the record shows, that he has been liberal in his good fortune and has transferred to a lady who bears his name, one half of this facile acquisition. He does not deny the reality or binding force of the *679 mortgage under which the property was sold; but he avers that the judgment liquidating the debt, for the payment of which the right of mortgage was exercised, is an absolute nullity, for want of jurisdiction in the court who rendered it. That there is nothing due by McNeil to the succession of Sprague ; or if there is, that the claim is still unliquidated. He further contends, that if there had been a judgment, all the proceedings under it, to the final alienation of the property, were illegal and void. The case is before us on the appeal of the plaintiff, from the judgment rendered against him in the first instance.
Many decisions have taken place in our courts on the subject of assignments made in other States, by insolvent debtors regulating-th&_order of payment of their creditors. It is necessary, before going into the investigation of this case, to revert to some of them.
In the case of Richardson v. Leavitt et al., 1st Ann. 430, the assignment was made in New York, where all the parties resided. The debt on which the attachment had issued was contracted and payable in New York, and the property attached had been actually delivered to the assignees before the attachment. The court sustained the assignment, but in doing so, took great pains to limit the decision to the case presented by the records.
In the subsequent case of the Merchants' Bank v. The Bank of the United States, 2d Ann. 660, the rule in Richardson's case was applied ; but at the same time the decision of the former court in the case of Townsend v. The Louisiana State Insurance Company, 13 L. R. 554, was recognized as correct. ' “ In this case,” said the court, “the assignment was by an insolvent debtor residing in Louisiana, to the detriment of his creditors, of property which was their common pledge, in which an undue preference was sought to be given in palpable violation of his obligations and of the penal as well as civil laws of the State.” The assignment was void on its face.
In the case of Beirne & Burnside v. Patton et al. 17 L. R. 590, it was held, that an assignment made by a party residing in Tennessee could not affect the rights of his Louisiana creditors upon movable property belonging to him within the limits of the State, and that as to them, even that property had a situs.
The rule to be deduced from these and other decisions is, that an assignment made in good faith according to the laws of another State, in favor of creditors domiciliated in that State, by a party also domiciliated there, will be enforced on the property of the debtor in Louisiana, which has been actually transferred to the assignee ; provided no injury arises therefrom to our own citizens, and not otherwise. Does the present case come within the operation of that rule ?
It is in proof, that as far back as 1837, Angus McNeil was a citizen of this State, and resided in the parish of Caddo. In the curator’s bond, and in the mortgage given by him in 1839 to the succession of Sprague, he states that he is a resident of that parish; and in the assignment itself, he and his wife both represented themselves as being domiciliated there. Upon his own showing, therefore, he was not in a situation to make in the State of Mississippi an assignment which could have any validity in Louisiana, under the laws of that State. It is urged, in behalf of the plaintiff, that the defendant has not shown the right to contest its validity, because it is not proved that the succession of Sprague was a creditor of McNeil.
McNeil -was prima facie the debtor of the succession of Sprague for the crops and movables received by him and not accounted for; and as we do not think the account given of them by the defendant satisfactory, we would probably consider that evidence of indebtedness sufficient for the purposes of this suit, even if, as *680 alleged, the judgment liquidating the claims of the succession against McNeill was a nullity; but it is not necessary to go into those inquiries. The defendant is in possession under a just title, and for a valuable consideration paid by him. He may avail himself of any radical defect in the title of his adversary; and to ascertain whether any radical defects exist in it, it is necessary to enquire into its nature.
Previous to 1637, McNeil and the plaintiff had been members of a commercial partnership trading in the State of Mississippi, and, as it would seem from the deed of trust, largely indebted to creditors residing there. McNeil, shortly after his appointment as curator of Sprague's succession, went to the State of Mississippi with his wife, and executed in favor of the plaintiff an act of transfer of his undivided interest of one-seventh in the land op which the town of Shreveport has been established, and of other property in Louisiana, in trust and for the purpose of discharging all the liabilities of the partnership of Chewning, McNeil Co., alias Wilkinson, McNeil & Co., alias McNeil, Wilkinson 4' Co., and also for discharging any debt which, after the payment of the debts and liabilities of the partnership, might be due and owing from McNeil to the plaintiff, and with a condition, that if after payment of the liabilities described in the assignment, and if property remained unsold, or any portion of the proceeds of the property sold remained in the hands of the trustee, the property unsold should revert to McNeil, and the trustee should account to him for the funds in his hands. It has been urged, in argument, that possession followed the execution of this deed, and an attempt has been made to show that the trustee had held possession through an agent. The assignment, not being an authentic act, did not transfer the possession without an actual delivery, and the fact that after its date the property was sold by another agent of McNeil to the defendant and others, who went into possession of it and have held that possession ever since, negatives the delivery to and possession by the plaintiff. The record contains no evidence going to show that an assignment like this, not followed by actual delivery, would be valid according to the laws of Mississippi; but the view we have taken renders the evidence of that fact unnecessary.
The assignment, as soon as made, was brought over to the parish of Caddo, and recorded in the proper office ; there alone it was to receive its execution ; and the object of McNeil in passing it in Mississippi was to give it, under the legislation'of that State, an effect and bindingforce which it could not have under ours. It is clear that McNeil cannot be permitted to do indirectly what the laws of his domicile did not authorize him todo directly, and that his attempt to commit a fraud upon those laws cannot avail him. The act which he executed in the State of Mississippi, if executed in the parish of Caddo, would have been a power of attorney to sell the property mentioned in it; apply the proceeds to the payment of certain debts ; and when this was done, to account to the principal for any funds which might remain in the hands of the agent. The place where the act was executed cannot, under the facts of the case, change its legal import. It vested in the plaintiff the power to sell property and to pay debts, but it divested McNeil neither of his title, nor of his possession.
It might be said, that as the property was in part conveyed to pay the plaintiff whatever McNeil might owe him, the latter had the right to retain it until he was paid. Without expressing any opinion on this question, it is sufficient to say that the plaintiff has not alleged or proved any indebtedness from McNeil to him, but has simply claimed the property in his own right. We may state here that he has also failed to show the reality of tire debts for which the assignment *681 was given, or that it had ever been assented to by the creditors in whose favor it purports to be made. Under that state of facts, and after a delay sufficient to bar all the claims provided for under the statute of limitation of the State of Mississippi, without any attempt to execute .the trust, we apprehend that the assignment, even if made by a resident of Mississippi, would not be sustained by the courts of that State. But independently of these considerations, we are of opinion that the act relied on in this case, was nothing more than a power of attorney, which McNeil had a perfect right to revoke, and which did not prevent him from disposing of the property assigned by it. It is in evidence that he sold it, through another agent, on the 23d of January, 1841, for $10,000, payable in five equal annual installments, to Jonas Robeson, in whose possession it was when it was seized and sold under the action of mortgage. It is urged, that the power of attorney under which it was sold, was anterior in date to the act under which the plaintiff claims. If McNeil has received the proceeds of the sale, and the presumption is that he has, he has thereby ratified the agency; if he has not, until he himself complains the sale is valid and the plaintiff cannot gainsay it. In either alternative the power of attorney given to the plaintiff is not a title upon which he can maintain a petitory action.
The argument was pressed upon us at bar, that in the suit for the partition of the property, the legal representatives of Sprague recognized him as owner; that in the act of partition they bound themselves to warrant his title; and that they are estopped from now contesting it. It is first to be observed that these parties were minors, and that they do not come under the operation of the rule invoked. In that action, the other joint owners instituted proceedings against McNeil and the legal representatives of Sprague, who were all absent from the State ; curators ad hoc were appointed to represent them, and appeared in their behalf. Subsequently, the plaintiffs, on suggesting to the court that McNeil had conveyed the property in trust to J.J. Chewning, a resident of the State of Mississippi, they amended their petition, praying for the appointment of a curator ad hoc to represent him, and the prayer was granted. The court ordered a partition in kind, and the share of McNeil was allotted to Chewning, in the capacity in which he appeared in the suit. We are at a loss to understand how those proceedings could give him a title distinct from that which he derived from McNeil. He was cited and appeared in the suit in thp capacity of trustee. The representatives of Sprague litigated and contracted with him in that capacity, and he has no color of title beyond the deed which is alleged to have created the trust. The property was McNeil’s, and the last act of the court in the partion, was to order the fees of the counsel appointed to represent him to be paid out of it.
The plaintiff has no title upon which he could maintain a petitory action in his own name, even against a naked possessor.
The judgment is therefore affirmed, with costs.
Slidell, J. I incline to the opinion, that as against creditors of McNeil, and those holding under them, the conveyance should be considered as in the nature of a contract of mortgage. But viewed in that light, it does not authorize the plaintiff to sustain a petitory action. I, therefore, concur in the affirmance of the decree. I may add, that if the plaintiff were now prosecuting an hypothecary action, it probably could not be sustained on the evidence before us.